# IN THE COURT OF APPEALS OF IOWA

No. 20-0147
Filed April 15, 2020

**IN THE INTEREST OF J.S.-G.,**
**Minor Child,**

**C.T., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals from a district court order terminating her parental rights.

**AFFIRMED.**

Jamie L. Schroeder of The Sayer Law Group, P.C., Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Melissa Anderson-Seeber of the Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights with respect to her child, J.S.-G. We find clear and convincing evidence supports termination of the mother's parental rights under paragraph (h) of Iowa Code section 232.116(1) (2019). We further agree with the district court's determination that a six-month extension was not warranted. Accordingly, we affirm the district court's termination order.

**Background Facts and Proceedings**

J.S.-G. came to the attention of the Iowa Department of Human Services (DHS) when the mother tested positive for methamphetamine and benzodiazepines prior to J.S.-G's birth in February 2019. Because the mother had an outstanding arrest warrant, she arranged for her adult daughter, G.T.-R., who had been living in Alabama, to care for J.S.-G. G.T.-R. is the child's half-sibling. J.S.-G. was discharged from the hospital to G.T.-R and her fiancé, both of whom had traveled from Alabama. On the night of February 21, 2019, the mother entered the Iowa home where G.T.-R. and J.S.-G. were staying and took J.S.-G. while G.T.-R. slept. The mother took J.S.-G. to her sister's house and left him in her care. This action was in violation of the safety plan developed in coordination with DHS around the time of J.S.-G.'s birth. J.S.-G. was formally removed from the care of his parents on February 22, 2019. Shortly thereafter, the mother turned herself in to authorities due to an outstanding warrant, which related to her third charge for possession of a controlled substance. She was taken into custody, sentenced, and incarcerated within the Iowa Department of Corrections.

J.S.-G. was adjudicated as a child in need of assistance pursuant to Iowa Code section 232.96 on March 20, 2019. On October 9, 2019, the Iowa Board of Parole denied the mother parole, in part because she had not yet completed certain classes. Also on October 9, the State filed a petition for termination of the parental rights relating to J.S.-G. The termination hearing was held on December 2, 2019. The mother was still incarcerated at the time of the hearing and appeared via telephone conferencing.

The court granted the petition on January 10, 2020, terminating the parental rights of both parents pursuant to paragraphs (e), (h), and (*l*) of Iowa Code section 232.116(1). Only the mother appeals.

**Standard of Review**

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). We give weight to the fact findings of the district court, especially when considering the credibility of witnesses, but we are not bound by the district court's findings. Iowa R. App. P. 6.904(3)(g).

**Discussion**

The mother disputes the district court's determination that the statutory grounds for termination were met under Iowa Code section 232.116(1). She also contends the district court erred in denying a six-month extension under Iowa Code section 232.104(2)(b). On our independent review of the record, we find

termination supported under section 232.116(1) and we affirm the district court's refusal to grant a six-month extension.

I. Statutory Grounds

The district court ordered the mother's parental rights terminated under paragraphs (e), (h), and (*l*) of Iowa Code section 232.116(1). We affirm the termination under paragraph (h).

The grounds of paragraph (h) are met by clear and convincing evidence. For a court to order a termination pursuant to Iowa Code section 232.116(1)(h), the court must find all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Section 232.102 provides that custody of a child

> should not be transferred unless the court finds there is clear and convincing evidence that:
> (1) The child cannot be protected from physical abuse without transfer of custody; or
> (2) The child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available.

Here, the mother does not contest the first three elements of paragraph (h). J.S.-G. is three years of age or younger; he was adjudicated as a child in need of assistance in March 2019; and has been out of parental custody for a period of over six months. The mother only disputes "that the State has proved by clear and

convincing evidence that the child cannot be returned to the custody of the child's parent at the present time." We agree with the district court that clear and convincing evidence supports this element.

The Iowa Supreme Court has interpreted "at the present time" to mean "at the time of the termination hearing." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). Clear and convincing evidence shows that J.S.-G. could not be returned to the mother at the time of the termination hearing as his mother was incarcerated at the time of the termination hearing. Although the mother expected to be paroled soon after the termination hearing and was in fact paroled prior to the issuance of the district court's order terminating her parental rights, J.S.-G. could not be returned at the time of the hearing.

Moreover, even if we were to consider the mother's prospective ability to parent in the time beyond the termination hearing, we would find termination warranted under paragraph (h). The mother has a long history of drug addiction. In addition to a history of alcohol and marijuana abuse, she began using methamphetamine in 2004 and continued using even while pregnant with J.S.-G. Her family believed she continued using methamphetamine after J.S.-G.'s birth due to her behaviors, which included violating the safety plan put in place for J.S.-G.'s protection. This is the mother's fourth involvement with DHS. She has been incarcerated since J.S.-G. was approximately nine days old.

We find her prior involvement with DHS, her conduct during her pregnancy with J.S.-G., and her conduct immediately after J.S.-G.'s birth to be a predictor of her future parenting performance. *In re A.R.S.*, 480 N.W.2d 888, 890 (Iowa 1992) ("In attempting to avoid harm to a child, a court may make

reasonable predictions about a parent's future performance by looking to her past."). Additionally, her sobriety while incarcerated is unconvincing given that she tested positive immediately prior to giving birth to J.S.-G. and her family's observations that her behavior after the birth was influenced by the use of drugs. Pursuant to Iowa Code sections 232.102 and 232.116(1)(h)(4), we find clear and convincing evidence that custody of J.S.-G. could not be returned to the mother at the time of the termination hearing. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (finding the fourth element of paragraph (h) satisfied where a mother expected to be paroled soon but "would have much to prove after the discharge of her sentence before resuming custody" due to a history of drug addiction and parenting dysfunction). We find, like the parent in *L.M.*, the mother would have much to prove after her discharge prior to being in a position to resume custody of her infant son.

II. Six-Month Extension

Under Iowa Code section 232.104(2)(b), a court may refrain from terminating a parent-child relationship and continue the current placement of the child for an additional six months if it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In order to grant such an extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing the basis for its decision. Iowa Code § 232.104(2)(b). We review a court's refusal to grant a six-month extension de novo. *See P.L.*, 778 N.W.2d at 40 ("[T]he proper standard of review for all termination decisions should be de novo.").

In our de novo review, we cannot say the need for removal will no longer exist at the end of a six-month period, and we therefore agree with the district court's decision to refrain from granting a six-month extension. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 40; *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Our primary concern is J.S.-G.'s best interests. *J.S.*, 846 N.W.2d at 40.

The mother violated a safety plan by whisking J.S.-G. away from G.T.-R.'s accommodations in the middle of the night. She has struggled with substance abuse for many years prior to and including the days following J.S.-G.'s birth. Her use of illegal drugs began when she was fourteen years old. At the time of the termination hearing, she was thirty-seven years old.

Despite the mother's professed desire to separate from the father, G.T.-R. found him lounging in the hospital room following J.S.-G.'s birth, and the mother admitted to initiating phone calls with him during her incarceration. The mother testified at the termination hearing that her plan upon release was to live with the sister of J.S.-G.'s father. The father has significant substance abuse issues of his own and has absented himself from J.S.-G.'s life, including by failing to attend the termination hearing. In stark contrast, G.T.-R. and her fiancé have shown an ability to give J.S.-G. a stable and supportive home environment. The two relocated from Alabama to take care of J.S.-G. and secured employment and housing. J.S.-G. is

bonded with them. Through their efforts, J.S.-G. has been placed in daycare and is meeting developmental milestones. In light of the permanency and support offered by G.T.-R.'s care and the mother's history of substance abuse issues, we agree with the district court's denial of a six-month extension.

**Conclusion**

We find clear and convincing evidence supports terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(h). We reject the mother's argument that a six-month extension was warranted. Accordingly, we affirm the order terminating the mother's parental rights with respect to J.S.-G.

**AFFIRMED.**